United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50131
Summary Calendar

_____

ALICE F. CEASAR,

Plaintiff - Appellant,

versus

UNITED SERVICES AUTOMOBILE ASSOCIATION,
USAA FEDERAL SAVINGS BANK, and
ROBERT G. DAVIS,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(No. SA-02-CV-1132)

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant, Ceasar, argues that when Appellee, United Services Automobile

Association ("USAA") terminated her employment, USAA violated the American

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Disabilities Act ("ADA").[1]  "To make out a prima facie case of discrimination under the ADA [a claimant] must show that (a) he has a disability; (b) he is a qualified individual for the job in question; and (c) an adverse employment decision was made because of his disability." Hamilton v. Southwestern Bell Telephone Co., 136 F.3d 1047, 1050 (5th Cir. 1998).  This Court has held that to be "qualified" for a job under the ADA, an employee "must be able to perform the essential functions of the job with or without reasonable accommodation."  Hypes v. First Commerce Corp., 134 F.3d 721, 726 (5th Cir. 1998).

Ceasar fails to establish that she was "qualified" for the job at issue.  Timely attendance was an essential function of Ceasar's job because she was responsible for handling incoming calls from potential and existing USAA customers.  Indeed, Ceasar readily admits that "[a]ttendance was necessary to perform [her] job requirements." Summary judgment evidence indicates that (1) Ceasar incurred at least 22 unscheduled absences in 3 months; (2) she was admonished regarding the necessity of her timely presence at her desk; (3) she incurred 5 additional unscheduled absences after the disciplinary admonishment; (4) she was then placed on probation and warned that any further unscheduled absences would result in her immediate dismissal; and (5) she incurred additional unscheduled absences after the warning. These undisputed facts show that Ceasar was unable to perform an essential function of her job.  Under the ADA, Ceasar was not "qualified."  We therefore AFFIRM the judgment of the district court.

---

[1] On appeal, Ceasar only argues that USAA violated the ADA.  We therefore do not consider her arguments to the district court regarding the other defendants in this case.

2